United States District Court
Southern District of Texas
FILED

DEC 0 1 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **JOSE GUADALUPE RANGEL-HERNANDEZ,** | § <br> § <br> § |
| Movant, | § <br> § |
| VS. | §    **CIVIL ACTION NO. 7:22-CV-0179** <br> §    **CRIM. ACTION NO. 7:12-CR-0874-2** |
| **WARDEN PAUL THOMPSON,** | § <br> § |
| Respondent. | § |

## REPORT AND RECOMMENDATION

Recently, upon the report and recommendation of the undersigned Magistrate Judge, the District Judge entered an order denying Movant JOSE GUADALUPE RANGEL-HERNANDEZ's construed second or successive motion for relief under 28 U.S.C. § 2255. (Civ. Dkt. No. 12).[1] Through that order, the District Judge also denied the issuance of a certificate of appealability ("COA"). (*Id.*). Movant has since filed a self-styled *Motion to Correct and Change* concerning the COA (Civ. Dkt. No. 17), which can be construed as a motion for reconsideration of the COA's denial (the "Motion for Reconsideration"), *see Scott v. Banks*, 2022 WL 815062, at *1 (S.D. Miss. Mar. 16, 2022) (construing post-judgment motion for issuance of COA as motion for reconsideration of prior denial of issuance of COA).

This matter is now before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). *See, e.g., Willis v. Director, Tex. Dep't of Crim. Just., Corr. Insts. Div.,* 2021 WL 7709537, at *1 (N.D. Tex. Dec. 23, 2021) (issuing report and recommendation over motion for issuance of COA), *report and recommendation adopted,* 2022 WL 891227 (N.D. Tex.

---

[1] Unless otherwise noted, citations to specific pages in the record refer to the pagination of docket entries in the case management/electronic case-file (CM/ECF) system. As used here, "Civ. Dkt." is a citation to Civil Action No. 7:22-CV-0179, and "Cr. Dkt." is a citation to Criminal Action No. 7:12-CR-0874-2.

Mar. 25, 2022).    Upon review of the record and the relevant law, the Magistrate Judge

RECOMMENDS that the Motion for Reconsideration (Civ. Dkt. No. 17) be DENIED.[2]

## I. BACKGROUND

Movant initiated this case by filing a handwritten document entitled *Writ of Deliverance:*

*Ex Parte Pro Se Review*.  (Civ. Dkt. No. 1).  Through that filing, Movant challenged his drug-

trafficking conviction in *United States v. Rangel-Hernandez*, Criminal Action No. 7:12-CR-0874-

2, on grounds that the timing of the superseding indictment affected the district court's jurisdiction.

(*See id.*).  This was not the first time Movant had complained about the validity of his criminal

proceedings.  Movant previously raised an unsuccessful challenge pursuant to § 2255 in *Rangel-*

*Hernandez v. United States*, Civil Action No. 7:15-CV-0422, which involved claims of the

ineffective assistance of counsel at sentencing.  Because Movant raised a new constitutional

challenge to his conviction, the Magistrate Judge construed Movant's filing as a second or

successive § 2255 motion (the "Second Section 2255 Motion").  (Civ. Dkt. No. 9 at 1-4).

The Magistrate Judge issued a report and recommendation that the Second Section 2255

Motion be denied without prejudice and dismissed for lack of jurisdiction.  (*Id.* at 5).  Movant

failed to show that he had been granted approval by the Fifth Circuit to file a second or successive

motion for collateral review in accordance with 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).  (*Id.* at

3-5).  Referring to the standard for the issuance of a COA, the Magistrate Judge also recommended

that a COA be denied.  (*Id.* at 5-6).

---

[2] While motions for reconsideration of court judgments or orders are generally controlled by the more
exacting standards of Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure, the Motion for
Reconsideration fails regardless of the standard applied. *See Scott*, 2022 WL 815062, at *1 n.1.

Although Movant filed objections to the report and recommendation, these dealt primarily with the merits of his underlying claim for relief as opposed to the procedural basis for the recommended denial and dismissal. (*See* Civ. Dkt. No. 11).

The District Judge entered an order adopting the report and recommendation, denying the Second Section 2255 Motion without prejudice, dismissing the case for lack of jurisdiction, and denying the issuance of a COA. (Civ. Dkt. No. 12).

Movant then filed a self-styled *Notice of Appeal or Certificate of Appealability*, noticing his appeal from the order of dismissal to the Fifth Circuit. (Civ. Dkt. No. 13).

This was followed by the Motion for Reconsideration. (Civ. Dkt. No. 17). The substance of the filing is difficult to follow. Movant does maintain, however, that "the Court could have granted a COA." (*Id.* at 1).

## II. ANALYSIS

A movant may not appeal the final order of a collateral proceeding unless a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). Rule 11 of the Section 2255 Rules instructs that a district court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A COA will issue only where the applicant shows that reasonable jurists would either (1) find the district court's assessment of the constitutional claims debatable or wrong, or (2) find it debatable whether the applicant states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a COA has previously been denied for the applicant's failure to make the above threshold showing, and the applicant raises no new arguments through a request for reconsideration, the request presents an insufficient basis for reconsideration and may thus be

summarily denied. *See Scott*, 2022 WL 815062, at *1 (citing *Wilson v. Epps*, 2010 WL 3909691, at *2 (S.D. Miss. Oct. 1, 2010)); *see also Willis*, 2021 WL 7709537, at *1.

Here, Movant fails to offer substantive argument for the issuance of a COA, and the Motion for Reconsideration should thus be denied as previously recommended.

## III. CONCLUSION

### *Recommended Disposition*

For these reasons, the Magistrate Judge RECOMMENDS that the Motion for Reconsideration (Civ. Dkt. No. 17) be DENIED and, therefore, that no COA be issued.

### *Notice to Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is further DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 1st day of December 2022.

J. SCOTT HACKER
United States Magistrate Judge